**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4379**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALTERICK WALLISIMA BOYD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Richard E. Myers, II, Chief District Judge.  (4:20-cr-00016-M-1)

Submitted:  February 16, 2023                          Decided:  February 21, 2023

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Richard Croutharmel, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alterick Wallisima Boyd pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, fentanyl, and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and distribution of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Boyd to 210 months' imprisonment, a sentence below the Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by applying three Guidelines enhancements. In a pro se supplemental brief, Boyd challenges the computation of his sentence and asserts that counsel rendered ineffective assistance. The Government moves to dismiss the appeal pursuant to the appeal waiver in Boyd's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appeal waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full

significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Boyd was competent to enter a plea, that he knowingly and intelligently waived his right to appeal,* and that his challenges to his sentence fall squarely within the scope of the appeal waiver. Boyd's ineffective assistance claims fall outside the scope of the appeal waiver. Yet, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively establish ineffective assistance, Boyd's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Boyd's valid appeal waiver. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the criminal judgment. This court requires that counsel inform Boyd, in writing, of the right to petition the Supreme Court of the United States for further review. If Boyd requests that

---

* To the extent that Boyd contends he did not waive the right to appeal his sentence under 28 U.S.C. § 1291, this court has previously rejected this argument. *United States v. Hartwell*, 448 F.3d 707, 712-13 (4th Cir. 2006) (a "defendant may not invoke 28 U.S.C. § 1291 to circumvent the conditions imposed by 18 U.S.C. § 3742" because, unlike § 3742, § 1291 does not give a criminal defendant an independent right to appeal a final sentence).

a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Boyd. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*